IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

WILLIE WILLIAMS, JR.,                    )
                                         ) CIVIL ACTION NO. 0:07-833-TLW-BM
            Plaintiff,                   )
                                         )
v.                                       )
                                         )  **REPORT AND RECOMMENDATION**
ED TURMEL, JOYCE BRUNSON,                )
SANDRA ELI,                              )
                                         )
                                         )
            Defendants.                  )
_____ )

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was an inmate at the Florence County Detention Center,[1] alleges violations of his constitutional rights by the named Defendants. The Defendant Turmel is alleged to be the Administrator of the Florence County Detention Center, while the Defendants Brunson and Eli are alleged to be a captain and a corporal, respectively, at the Detention Center.

The Defendants each filed a separate motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on August 30, 2007. On that same date, the three Defendants collectively filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on August 31, 2007, advising Plaintiff of the

---

[1]Plaintiff has, since the filing of this action, been transferred to the custody of the South Carolina Department of Corrections. See Court Document Nos. 25, 26, and 33.



importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motions may be granted, thereby ending his case. Plaintiff thereafter filed an "objection" to the Defendants' motions, as well as an affidavit, on September 20, 2007.  Defendants' motions are now before the Court for disposition.[2]

### **Background and Evidence**

Plaintiff alleges in his verified Complaint[3] as follows:

> On 09-12-05 I were housed in unit-B cell 219 without a bed and mattress. This cell is a single man cell with only one (1) bunk.  I were giving three (3) extra blankets by Officers Quick to substitute a form of a mattress along with two (2) issue blankets and one (1) sheet.  I were told by the unit officer Quick that he would go and try to fine me a mattress.  I didn't received a mattress doing my stay in that cell 219.  I started to notify the staff by request that I am sleeping on the floor with blankets to substitute the form of a mattress and Im starting to hurt in my lower back and legs, such as knees Etc.  I have follow the change of command by notifying the officer, corporal, sergeant and lieutenant, the captain, and the Administrator I notify Ofc. Quick on 09-12-05, 09-13-05, and classification Corporal Eli, Sgt. Jamison on 09-14-05, Captain Brunson on 09-15-05.  I didn't receive nor heard anything from either staff until I wrote ED. Turmel on 09-17-05.  On -0-19-05 I received a response from Corporal Eli stating the best thing for you to do is bond out of jail because as I told you before the Jail is over crowded.

> Note: On 09-14-05 Lieutenant Carr enter the unit and I spoken with her about not having a mattress, she stated that she would stop by the laundry room to see if any mattress are in there. if so she'll have one of the trustees to bring it to me.  I never

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.  The Defendants have filed motions to dismiss and for summary judgment.  As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).  Plaintiff has filed a verified Complaint.  Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

2



received a mattress until I moved into cell 221.

Plaintiff seeks monetary damages. See generally, Verified Complaint, with attached Exhibits (Inmate Request Forms).

The Defendants have not provided any affidavits, exhibits, or any other evidence in support of their dispositive motions. The Defendants' motions to dismiss are all premised on the argument that the allegations of Plaintiff's Complaint fail to state a claim against any Defendant under § 1983. With respect to the motion for summary judgment, Defendants argue that they are entitled to sovereign immunity with respect to any claims being asserted against them in their official capacities, and that to the extent Plaintiff's claims are asserted against them in their individual capacities, they are entitled to qualified immunity from suit. The Defendant Turmel further argues that he cannot be found liable for Plaintiff's claims solely because he is a supervisor. Finally, Defendants argue that the case is subject to summary judgment because Plaintiff failed to present evidence of a serious physical or mental injury capable of stating a cognizable claim under § 1983.

In response to Defendants' motion, Plaintiff has submitted an affidavit in which he reiterates the claims set forth in his Complaint. Plaintiff has also submitted copies of two inmate sick call request forms, in which Plaintiff states that he has made several sick call requests requesting medical attention for lower back pain and noting that he is being forced to sleep on the floor without a mattress.

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of



law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

### (Motions to Dismiss)

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), and the Federal Court is also charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).

As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this



liberal standard. Nevertheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Department of Social Services</u>, 901 F.2d 387 (4th Cir. 1990). However, after careful consideration of Defendants' arguments and the allegations of the Complaint pursuant to the liberal standard to which Plaintiff is entitled, the undersigned finds that Defendants' motions to dismiss should be denied.

   Plaintiff alleges in his verified Complaint that (at the time of the filing of the Complaint) he was incarcerated at the Florence County Detention Center, where he was being housed under unconstitutional conditions. Specifically, Plaintiff claims that he was made to sleep on the floor without a mattress, which resulted in his having lower back and leg pain. Plaintiff further alleges that he notified the Defendants in this action, but that the only Defendant he received a response from was the Defendant Eli, who told him "the best thing for you to do is bond out of jail because as I told you before the jail is overcrowded." <u>See</u> <u>also</u>, <u>Complaint Exhibit (Inmate Request Form)</u>. While these allegations obviously have not been proven, given the liberal construction to which Plaintiff's verified pleadings are to be considered, these allegations are sufficient to allege a conditions of confinement case under § 1983. Failure to provide a prison inmate with a mattress on which to sleep, resulting in back and leg pain, facially satisfies the "objective component" of a § 1983 conditions of confinement claim, while the Defendants' purported knowledge of, and refusal to correct, this problem facially satisfies the "subjective component" of such a claim. <u>See</u> <u>Williams v. Griffin</u>, 952 F.2d 820 (4th Cir. 1991) [overcrowding combined with unsanitary conditions can be unconstitutional]; <u>Thompson v. City of Los Angeles</u>, 885 F.2d 1439, 1448 (9th Cir. 1989) ["[S]everal



courts have held that a jail's failure to provide detainees with a mattress and bed or bunk runs a foul of the commands of the Fourteenth Amendment."]; <u>Anela v. Wildwood</u>, 790 F.2d 1063, 1067 (3rd Cir. 1986) [allegation that City failed to provide bed or mattress to pretrial detainees states actionable constitutional claim], <u>cert.</u> <u>denied</u>, 479 U.S. 949 (1986); <u>Delgado v. Cady</u>, 576 F.Supp. 1446 (E.D.Wis. 1983) [prison overcrowding may result in constitutional violation under certain circumstances]; <u>West v. Edwards</u>, 439 F.Supp. 722 (D.S.C. 1977) [same]; <u>Whitnack v. Douglas County</u>, 16 F.3d 954, 958 (8th Cir. 1994) [discussing claim based on general conditions of confinement]; *cf.* <u>Belcher v. Oliver</u>, 898 F.2d 32, 34 (1990) ["The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious...needs of the detainee"].

Further, as government employees, all of the named natural Defendants are subject to suit under § 1983. <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980) [A plaintiff states a cause of action under 42 U.S.C. § 1983 where he alleges that 1) the defendant deprived him or her of a federal right, and 2) did so under color of state law. Therefore, Defendants' Rule 12 motions to dismiss based on Defendants' argument that Plaintiff has failed to state a claim in his Complaint should be denied. <u>Falzone</u>, 776 F.Supp. At 890 [Rule 12 motion can be granted only if no relief could be granted under any set of facts that could be proved].

## II.

### (Motion for Summary Judgment)

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of



law." Rule 56(c), Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.   Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller, 901 F.2d 387.

Initially, it must be noted that since Plaintiff is no longer incarcerated at the Florence County Detention Center, to the extent any of his requested relief could be deemed declaratory and/or injunctive in nature, such requested relief is subject to summary judgment. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) ["[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."]; Taylors v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) [holding that prisoner's transfer mooted a request for declaratory and injunctive relief].  However, claims for monetary damages survive an inmate's transfer to another institution. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) [finding that transfer to another jail did not moot damages claim for a suit filed pursuant to § 1915(g)];  Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976).   Therefore, Plaintiff's claim for monetary damages in this case is not moot, and must be considered by this Court on the merits.

Defendants offer several defenses to Plaintiff's damages claim.  First, Defendants argue that they are entitled to dismissal as party Defendants in their official capacities. However,



liberally construed Plaintiff's claim is against these Defendants in their individual capacities. Therefore, this argument is without merit.  Defendants also argue that they are entitled to qualified immunity, an argument which is also without merit. Under the doctrine of qualified immunity, government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). However, as noted by the caselaw cited in Section I of this Report and Recommendation, supra, it was clearly established at the time of the filing of Plaintiff's Complaint that an inmate's constitutional rights could be violated if government officials allowed him or her to be kept in unlawful conditions of confinement, which can include failure to provide proper bedding and/or failure to properly respond to medical complaints. Therefore, since Plaintiff's allegations, if true, may amount to violations of Plaintiff's constitutional rights, the Defendants are not entitled to dismissal as party Defendants on the grounds of qualified immunity. Toth v. City of Dothan, Ala., 953 F.Supp. 1502, 1508 (M.D.Ala. 1996); Clifton v. Horbin, No. 05-2472, 2006 WL 2727293 (D.Minn. Sept. 22, 2006) [adopting report and recommendation denying summary judgment on qualified immunity where material facts remain].

The Defendant Turmel's argument that he should be dismissed because there is no supervisory liability in a § 1983 case similarly fails.  Plaintiff alleges that Turmel was the Administrator of the Florence County Detention Center, that he directly advised the Administrator of his situation, and that Turmel failed to take any corrective action.  See Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference...if he or she 'knows of and disregards' an excessive risk to inmate health or



safety.'"], quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). Therefore, Turmel is not entitled to dismissal under the argument presented.

Finally, Defendants contend that they are entitled to summary judgment because Plaintiff has failed to present evidence of a serious physical or mental injury capable of stating a cognizable claim under § 1983. <u>See</u> 42 U.S.C. § 1997e(e) ["no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injuries suffered while in custody without a prior showing of physical injury"]; <u>Rankin v. Klevenhagen</u>, 5 F.3d 103, 108 (5th Cir. 1993)[certainly some injury is required]. Although the Defendants have themselves failed to submit any evidence to support this argument, after careful review of the briefs and the evidence submitted by the Plaintiff, the undersigned is constrained to agree that the Defendants are entitled to summary judgment on this ground.

Plaintiff has put into evidence copies of two inmate sick call request forms stating that he was in need of medical attention for lower back pain. One of these two forms indicates that, in response to Plaintiff's request, he would be sent some Advil, while the other response form reads as follows:

> I am aware of your history of complaints of back pain. I thought you were referring to requests sent more recently. As Cpl. Eli has informed you, we are overcrowded & the housing arrangements are made according to classifications regulations. I have seen you in regard to this complaint and you may continue to request Tylenol or Advil for the discomfort.

Hence, Plaintiff's own exhibits show that his sick call requests were responded to, and that he was given some medication for his complaints of back pain. While counsel's mere argument that the Defendants are entitled to summary judgment cannot, by itself, entitle the Defendants to summary judgment on a claim that has already been found sufficient to at least state a claim under § 1983; <u>see</u>



discussion, Section I, <u>supra</u>; <u>see</u> <u>also</u> <u>Estrella v. Bryant</u>, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda are not evidence]; <u>Gans v. Gray</u>, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; <i>cf.</i> <u>Martin v. Cavalier Hotel Corp.</u>, 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence]; Plaintiff's own failure to submit any evidence to show that he suffered any serious injury, and indeed his submission of an exhibit indicating that no serious injury was incurred, is fatal to his claim.

At best, Plaintiff's alleged injuries as alleged in the Complaint and as shown by the exhibit(s) are <u>de</u> <u>minimis</u> in nature.  As such, they fail to set forth a compensable claim under § 1983. <u>See</u> <u>Norman v. Taylor</u>, 25 F.3d at 1263 [absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment claim if his injury <u>de</u> <u>minimis</u>]; <u>Thaddeus-X v. Wozniak</u>, No. 99-1720, 2000 WL 712383 at **3 (6th Cir. May 23, 2000)[Plaintiff must show he suffered more than de minimis injury]; <u>Harper v. Showers</u>, 174 F.3d 716, 719 (5th Cir. 1999)[Without proof of more than de minimis physical injury, Plaintiff cannot maintain his claim].  Therefore, even assuming Plaintiff was not provided with a mattress for the time period set forth in the Complaint, as alleged, no constitutional violation occurred. <i>Cf.</i> <u>Grissom v. Davis</u>, 55 Fed.Appx. 756, 757-758 (6th Cir. 2003) [No violation where Plaintiff endured seven day mattress restriction but suffered no more than a de minimis physical injury]; <u>Lopez v. South Carolina Dept of Corrections</u>, No. 06-2512, 2007 WL 2021875, at *3 (D.S.C. July 6, 2007) [Dismissing claim by prisoner that he was not provided, in part, with a mattress, where prisoner failed to assert significant physical or emotional injury]; <u>Eady v. Sawyer</u>, No. 02-1225, 2005 WL 2206249, at *5 (S.D.Ill. Sept. 12, 2005) [case dismissed where, although Plaintiff may have experienced some discomfort, he made no viable claim of physical harm



suffered due to temporary lack of mattress or pillow]; <u>McGoldrick v. Farrington</u>, 462 F.Supp.2d 112, 113-114 (D. Me. 2006).

While Plaintiff may have some state law claim with regard to the conditions of his confinement while he was housed at the Florence County Detention Center, absent some evidence of an injury suffered by the Plaintiff as a result of these conditions, the undersigned does not find that Plaintiff has submitted sufficient facts to raise a genuine question as to whether his constitutional rights were violated to survive summary judgment.  See <u>DeShaney v. Winnebago County Dep't of Social Servs.</u>, 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; <u>Baker v. McClellan</u>, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]; <u>see</u> <u>Paul v. Davis</u>, 424 U.S. 693, 701 (1976) [not every claim which may set forth a cause of action under a state tort law is sufficient to set forth a claim for a violation of a constitutional right].  Therefore, Plaintiff's claim for monetary damages should be dismissed.

<u>**Conclusion**</u>

Based on the foregoing, it is recommended that the Defendants' motions to dismiss be **denied,** that Defendants' motion for summary judgment be **granted**, and that this case be **dismissed** with prejudice.

The parties are referred to the Notice Page attached hereto.

_____

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina
October 10, 2007

11



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

