IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Willie Williams, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.:0:07-833-TLW-BM |
| | ) | |
| Ed Turmel, Joyce Brunson, and Sandra Eli, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# ORDER

Plaintiff, Willie Williams, Jr., ("plaintiff") brought this civil rights action, *pro se*, under 42 U.S.C. § 1983 on March 27, 2007. (Doc. #1). The defendants filed motions to dismiss and a joint summary judgment motion on August 30, 2007. (Doc. #'s 36, 37, 38, 39). On August 31, plaintiff was provided copies of the motions and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rule 12 and 56 of the Federal Rules of Civil Procedure as required by Rosoboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (Doc. #'s 42, 43). On September 20, 2007, the plaintiff filed a response in opposition to the defendants' motion for summary judgment. (Doc. #50).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bristow Marchant, to whom this case had previously been assigned. (Doc. #56). In the Report, Magistrate Judge Marchant recommends that the District Court deny the defendants' motions to dismiss and grant summary judgment in favor of the defendants. (Doc. #56). The plaintiff filed objections to the report. (Doc. #58).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In his objections to the Report, the plaintiff states "on January 8th 2006 plaintiff were [sic] carried via ambulance from Florence County Detention Center to Carolina Hospital system where plaintiff's lower back was x-rayed and it was determined, and diagnosed by the doctor that plaintiff's [sic] suffers with lower back spasm which are extremely painful when sitting, laying or walking." (Doc. #58). The plaintiff has submitted some additional evidence showing that he visited the Carolinas Hospital on January 8, 2006. (Doc. #58, Ex. 3). The evidence submitted indicates that the plaintiff had chronic back pain. The Court has considered the objection in light of this evidence and finds that the analysis of the magistrate judge still controls such that the plaintiff has not presented evidence sufficient to establish more than a *de minimis* injury as required by <u>Norman v. Talyor</u>, 25 F.3d 1259 (4th Cir. 1994) (en banc)). <u>Norman v. Taylor</u>, 25 F.3d at 1263 (absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*.)

Additionally, the plaintiff has requested that the Court allow him to add a party to the complaint. The plaintiff asserts the Court should allow him to add the Florence County Detention Center under Federal Rule 15(d) of the Federal Rules of Civil Procedure. The plaintiff asserts that

Florence County Detention Center failed to properly supervise the detention center. (Doc. #58). Pursuant to Federal Rule 15(d) the Court has discretion whether to allow the supplemental pleading. Generally, supplemental pleadings should be restricted to events that arise subsequent to the original pleading. See Flaherty v. Lang, 199 F.3d 607, 613 n. 3 (2nd Cir. 1999). The plaintiff has not indicated new facts, events, or occasions that support granting a motion to supplement his complaint. Furthermore, it would be unduly prejudicial to Florence County Detention Center to allow the plaintiff to supplement his complaint in light of the Court's ruling on his substantive claims.

In light of the standard set forth in Wallace, the Court has reviewed the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #56). Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that defendants' motions to dismiss be **DENIED**, that defendants' motion for summary judgment be **GRANTED** (Doc. #39) and the plaintiff's complaint **DISMISSED** with prejudice. (Doc. #1).

**IT IS SO ORDERED**.

    s/Terry L. Wooten

    Terry L. Wooten
    United States District Judge

February 25, 2007

Florence, South Carolina